## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| CLARENCE HOLCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.   3:17-cv-694-GNS |
| | ) |
| SAFELITE GROUP, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     Plaintiff, Clarence Holcomb ("Holcomb" or "Plaintiff"), by counsel, brings this action against Defendant, Safelite Group, Inc. ("Defendant"), alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*; the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.* and the Kentucky Civil Rights Act (KCRA).

### II. PARTIES

2.     Holcomb is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3.     Defendant is a foreign corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §12117.

5.      Jurisdiction is conferred on Holcomb's state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6.      Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4); 42 U.S.C. §12111(5)(A) and KRS 344.030(2).

7.      Holcomb was an "employee" as that term is defined by 42 U.S.C. §12111(4) and KRS 344.030(5), and, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8.      Holcomb is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Holcomb's disability and/or regarded Holcomb as being disabled and/or Holcomb had a record of being disabled.

9.      Holcomb satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination.  Holcomb received the required Notice of Suit Rights and timely files this action.

10.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky;

thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.     Holcomb was hired by Defendant as an Area Sales Manager in or about July 2007.  Holcomb worked in the Louisville Market.

12.     Holcomb was diagnosed with prostate cancer in 2015.  Holcomb took a four week leave of absence under the Family Medical Leave Act in March 2016 to undergo treatment for his condition.

13.     While he was out on leave, Defendant hired an individual to work in the Louisville Market and gave her much of the territory that Holcomb had developed over the prior nine years, including his hometown.

14.     Upon his return from leave, Holcomb was reassigned to work the undeveloped areas in Kentucky that are west of Louisville.

15.     Holcomb requested an accommodation from Defendant due to his disability.  Specifically, his physician put him on the following restrictions: (1) No travel further than a one hour drive from Holcomb's home in Prospect, Kentucky; (2) Frequent breaks; (3) No bending or lifting; and (4) No standing for extended periods.

16.     Holcomb requested that the Defendant reconfigure his territory to conform to his restrictions.  Defendant denied and continues to deny Holcomb's request.

17.     Defendant acknowledges and even states that it has approved his accommodation requests; yet, it has not changed his territory to conform to them.  As a result, Holcomb continues to have to drive upwards of 2 ½ hours from his home and

3

significant distances from the James Graham Brown Cancer Center.

18.     Defendant has failed to protect Holcomb's health information.  Holcomb believes that his supervisor, Doug Gaskins, has shared information regarding Holcomb's condition with his co-workers.  When Holcomb got upset after a co-worker suggested he could use a port-o-let at a golf outing in reference to his need for frequent bathroom visits, and thereby demonstrating knowledge of his condition that Holcomb had not shared, he was disciplined by Gaskins.

19.     On or about April 4, 2017, Holcomb was put on a Performance Improvement Plan as part of his 2016 Performance Review and, as a result, was denied any wage increase.  The review identifies several issues with Holcomb's performance that are impacted by his disability and should be covered by his accommodation request.

20.     For example, Holcomb was chastised for his sporadic participation in team events; however, some of the events were beyond his driving restriction. Moreover, he is noted not to have participated in set-up and take-down at events; however, his medical condition makes it difficult for him to perform these non-essential tasks and he is restricted from bending or lifting.

21.     Likewise, Holcomb was chastised for drawing incorrect conclusions to conversational comments by fellow team members when Holcomb complained that he felt that his private medical information was being shared with his co-workers.

22.     Holcomb was also documented as having low sales call activity; however, his sales calls were affected by his having a territory that he could not cover without

violating his medical restrictions.

23. On or about September 4, 2017, Holcomb suffered a heart attack and took leave under the FMLA. He returned to work on or about October 9, 2017. He returned with similar restrictions from his physician; however, Defendant still refuses to honor them.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF FMLA

24. Holcomb hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Defendant unlawfully interfered with Holcomb's rights under the FMLA by failing to restore him to an equivalent position following his leave under the FMLA.

26. Defendants actions were intentional, willful and in reckless disregard of Holcomb's legally protected rights as protected by the FMLA.

### COUNT II: ADA- DISABILITY DISCRIMINATION

27. Holcomb hereby incorporates by reference paragraphs one (1) through twenty-six (26) as if the same were set forth at length herein.

28. Defendant violated Holcomb's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by disclosing his private medical information to his co-workers, failing to accommodate him and subjecting him to less favorable terms and conditions of his employment due to his disability.

29. Defendant's actions were intentional, willful and in reckless disregard of Holcomb's rights as protected by the ADA.

30.     Holcomb has suffered damages as a result of Defendant's actions.

## COUNT III: KCRA- DISABILITY DISCRIMINATION

31.     Holcomb hereby incorporates by reference paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32.     Holcomb was discriminated against because of his disability by Defendant disclosing his private medical information to his co-workers, failing to accommodate him and subjecting him to less favorable terms and conditions of his employment due to his disability.

33.     Defendant willfully and intentionally discriminated against Holcomb on the basis of his disability in violation of the KCRA, KRS 344.040.

34.     Holcomb has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Clarence Holcomb, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.     Reinstate Holcomb to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Holcomb of front pay in lieu thereof;

2.     All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Compensatory damages for Defendant's violations of the ADA and KCRA;

5.     Punitive damages for Defendant's violation of the ADA;

6.     Liquidated damages for Defendant's violations of the FMLA;

7.     Costs and attorney's fees incurred as a result of bringing this action;

8.     Pre- and post-judgement interest on all sums recoverable; and

9.     All other legal and/or equitable relief this Court sees fit to grant.


Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Clarence Holcomb*

## DEMAND FOR JURY TRIAL

Plaintiff, Clarence Holcomb, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Clarence Holcomb*